UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNETTE M. LALL, | § | |
| | § | |
|   Appellant/Debtor, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-0398-B |
| | § | |
| THOMAS POWERS and HEENA HIRANI, | § | |
| | § | |
| | § | |
|   Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellant Annette Lall's motion to stay the bankruptcy court order pending the outcome of her appeal. Doc. 3. The Court **DENIES** her request.

## I.

## BACKGROUND

Annette Lall appeals an order from the bankruptcy court denying her motion to vacate that court's order dismissing her Chapter 13 case with prejudice for five years and her motion to reinstate her case. Doc. 1-1, Notice of Appeal, 3 (bankruptcy court order). After holding a hearing and accepting arguments and evidence from the parties, the bankruptcy court dismissed Lall's case on the motion of trustee Thomas Powers. The court dismissed the case because it found that this was the fourth bankruptcy Lall had filed in a short period of time, that she had not made payments on her mortgage in eleven years, and that she was not proceeding in good faith to work with her lenders to establish a payment plan. Doc. 3, Mot. to Stay (Ex. 3), 28 (transcript of hearing on motion to stay). After the bankruptcy court dismissed her case, Lall moved to reinstate her case and vacate the dismissal order. The bankruptcy court denied her motion because she failed to show good cause for

- 1 -

the relief requested. Doc. 1-1, Notice of Appeal, 3.

Lall proceeded to timely file her notice of appeal of this order. Doc. 1, Notice of Appeal. In the interim, Lall first sought a stay of that order in the bankruptcy court. Doc. 3, Mot. to Stay (Ex. 1), 11–17 (motion made to bankruptcy court). The bankruptcy court held a hearing on that motion and denied it. *Id.* (Exs. 2 & 3). Lall now seeks the same relief in this Court.

## II.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8007 governs the procedure for stays of bankruptcy court orders pending appeal. This rule states that a party ordinarily must first move for a stay of a bankruptcy court judgment or order in the bankruptcy court. Fed. R. Bankr. P. 8007(a)(1)(A). The rule also provides that a motion for a stay may be made in the district court where the appeal is pending. *Id.* 8007(b)(1). If the motion under 8007(a)(1)(A) was originally made in the bankruptcy court, the motion in the district court must "either state that the [bankruptcy] court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." *Id.* 8007(b)(2)(B). The motion must also include "(A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." *Id.* 8007(b)(3)(A)–(C).

"The decision of a bankruptcy court to deny a stay pending appeal will be reviewed for abuse of discretion." *18 Audubon Place, LLC v. SBN V FNBC LLC*, 2018 WL 5831231, at *1 (E.D. La. Nov. 7, 2018) (quoting *In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 514 (W.D. Tex. 2000)). "A bankruptcy court abuses its discretion if it seriously errs in its determination of whether the moving party has established a case meriting injunctive relief." *Id.* "A district court reviews a

bankruptcy court's conclusions of law *de novo* and findings of fact for clear error." *Id.* (citing *In re First S. Savings Ass'n*, 820 F.2d 700, 711 (5th Cir. 1987)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*

The movant seeking a stay of a bankruptcy court order pending appeal has the burden of satisfying four factors: "(1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Saldana v. Saldana*, 2015 WL 5021415, at *2 (N.D. Tex. Aug. 25, 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken v. Holder*, 556 U.S. 418, 426 (2009)). "The first two of these factors are the most critical." *Id.* (citing *Nken*, 556 U.S. at 434). Regarding the first factor, the Fifth Circuit has explained that "the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Id.* (quoting *In re First S. Savings Ass'n*, 820 F.2d at 709 n.10 (quoting *Ruiz v. Estelle* ("*Ruiz I*"), 650 F.2d 555, 565 (5th Cir. Unit A June 1981))). However, a likelihood of success is required in the usual case. *Id.* "Only if the balance of equities (*i.e.* consideration of the other three factors) is . . . *heavily tilted* in the movant's favor will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit." *Id.* (emphasis and alterations in original) (quoting *Ruiz v. Estelle* ("*Ruiz II*"), 666 F.2d 854, 857 (5th Cir. 1982)).

**III.**

## ANALYSIS

Lall first brought her motion for a stay pending appeal in the bankruptcy court. After that court denied her motion, Lall reasserted it here. Doc. 3, Mot. to Stay. As Lall points out in her current motion, the bankruptcy court denied the initial motion because it found that: (1) Lall did not show there was a substantial case on the merits; and (2) a stay would work substantial harm on third parties. *Id.* at 2 (citing to the bankruptcy court's order). The Court finds that Lall has met the initial requirements of her Rule 8007 motion, and will go on to review whether the bankruptcy court abused its discretion in denying a stay pending appeal.

A.  *Likelihood of Success on the Merits*

Lall's appeal argues that the bankruptcy court erred in denying her motion to reinstate her Chapter 13 proceeding because the court gave no reasons for denying her motion and was biased against her. Doc. 3, Mot. to Stay, 3–5. Lall claims that the bankruptcy court should have addressed her arguments in her motion to reinstate with an opinion that included findings of fact and conclusions of law on the issues she raised regarding the ownership of the note on her home mortgage. *Id.* at 4–5. Lall further asserts that the bankruptcy court was biased towards her because the court questioned whether she was in fact proceeding *pro se* based on the quality of her filings and because the court relied solely on the testimony of the trustee's representative. *Id.*

The bankruptcy court heard and rejected these same arguments in Lall's first motion to stay. *See id.* (Exs. 1, 2 & 3). The bankruptcy court found there was not a substantial case on the merits involving a serious legal question because it had received sufficient evidence of a large mortgage arrearage in previous proceedings and it did not believe Lall was acting in good faith to work things out with her lenders. *Id.* (Ex. 3) (transcript of bankruptcy court's ruling). According to the court,

dismissal of her bankruptcy case with prejudice for five years was warranted under § 349 because of Lall's continued litigious efforts to avoid payment. *Id.*

The Court finds that Lall has not satisfied her burden of showing either a likelihood of success or a substantial case on the merits. First, Lall's complaints of judicial bias on the part of the bankruptcy judge fall short. Title 28 U.S.C. § 455 provides for judicial disqualification in any proceeding "in which [the judge's] impartiality might reasonably be questioned" or where "[the judge] has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(a), (b)(1). Of note, "events occurring or opinions expressed in the course of judicial proceedings . . . rarely require recusal." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (discussing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The Supreme Court has stated that even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. Unless these remarks "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible" or "reveal an opinion that derives from an extrajudicial source," they are not sufficient to support recusal based on bias or prejudice. *Id.*

Here, Lall alleges the bankruptcy court judge was biased against her based on comments about her status as a *pro se* litigant. Specifically, she states that the judge was more interested in determining whether an attorney was helping her with her filings than in the merits of her case. Doc. 3, Mot. to Stay, 5. Lall also alleges that the judge warned her that if she was paying someone for legal work, those bills would eventually show up, presumably in subsequent proceedings. *Id.* The Court first notes that it does not appear that Lall moved for the recusal of the bankruptcy judge in that proceeding. Nor is Lall requesting recusal now. However, even if the Court construes Lall's

motion for a stay as a motion for recusal, Lall has failed to present sufficient evidence of judicial bias. Lall has not shown that the bankruptcy judge's questions were anything more than "critical or disapproving" remarks made in the course of judicial proceedings. To the contrary, the questions the bankruptcy judge asked indicate that the judge was concerned that Lall might be paying for legal services performed by someone without proper legal training. *See* Doc. 5-1, Lall's App., 115–16 (transcript of bankruptcy proceeding). The Court finds that these questions do not derive from an extrajudicial source, as they were directly related to Lall's conduct in the course of judicial proceedings, nor do they "reveal such a high degree of favoritism or antagonism" as to have tainted the bankruptcy court's ruling with impartiality. *See Andrade*, 338 F.3d at 455 (quoting *Liteky*, 510 U.S. at 555). Thus, these remarks do not support the argument that Lall's appeal has a likelihood of success or presents a substantial case on the merits with a serious legal question involved because the bankruptcy judge was biased against her.

The Court also rejects Lall's argument that this factor weighs in her favor because the bankruptcy court failed to issue findings of fact and conclusions of law related to its order denying her motion to vacate the bankruptcy court's dismissal order and reinstate her case. The bankruptcy court had previously held a hearing, admitted exhibits, and made findings related to Lall's Chapter 13 case. *See* Doc. 1-1, Notice of Appeal, 9 (docket of the bankruptcy proceeding). After the hearing, the bankruptcy court dismissed Lall's case with prejudice to refiling for five years after the date of the order. *Id.* The bankruptcy court dismissed her case with prejudice because the evidence showed Lall had filed repetitious bankruptcy petitions a short period of time and had not made payments on her mortgage for eleven years. Doc. 3, Mot. to Stay (Ex. 3), 28. Lall next filed a motion to reinstate the case, reasserting arguments addressed by the court in its previous orders. Doc. 2, Record on Appeal,

37. The bankruptcy court denied this motion because it found no good cause to grant Lall the relief requested. Doc. 1-1, Notice of Appeal, 4. After reviewing the record and arguments provided by Lall, the Court does not find that Lall has demonstrated a likelihood of success on this ground either because the bankruptcy court's factual findings and legal conclusions on these issues appear to be sufficient.

The Court thus finds that Lall has not met the first factor in seeking a stay of the bankruptcy court order pending appeal. As stated above, if the first factor is not met, courts typically grant stays only in cases where "the balance of equities (*i.e.* consideration of the other three factors) is . . . *heavily tilted* in the movant's favor." *Saldana*, 2015 WL 5021415, at *2 (emphasis in original) (quoting *In re First S. Savings Ass'n*, 820 F.2d at 709 n.10). And even if these factors weigh heavily in Lall's favor, "the issue must be one with patent substantial merit." *Id.* The Court looks to the three remaining factors next.

B.  *Remaining Factors*

The remaining factors that Lall has the burden of demonstrating are: (1) whether she will be irreparably harmed absent a stay; (2) whether a stay will substantially injure the other parties interested in the proceeding; and (3) where the public interest lies. *Saldana*, 2015 WL 5021415, at *2. The bankruptcy court found that granting the stay would substantially injure interested third parties—specifically, the mortgage company and mortgage servicing company—because Lall has had ample opportunities to litigate the holder status of her note, which have failed. Doc. 3, Mot. to Stay (Ex. 3), 29. The court found that the evidence showed that her failure to make payments on her mortgage for eleven years and her dilatory litigation was working harm on these third parties. *Id.* This Court agrees with the bankruptcy court on this ground. Additionally, while the Court recognizes that

Lall may be harmed absent a stay, this factor does not greatly shift the equities in her favor, especially considering that she has previously litigated these issues, or had the opportunity to litigate them, in other proceedings. Finally, as to the public-interest factor, the bankruptcy court did not consider this as weighing heavily in favor of either side. The Court agrees and finds that the public interest will not be disserviced if the stay is denied.

To conclude, the Court finds that Lall has not met her burden of showing that these remaining factors weigh in favor of granting her a stay of the bankruptcy court's order in this case. The Court thus **DENIES** Lall's motion for a stay pending appeal (Doc. 3).

### IV.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Appellant Lall's Motion for Stay Pending Appeal (Doc. 3).

**SO ORDERED**.

**SIGNED: May 24, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE