UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNETTE M. LALL, | § | |
| *Appellant/Debtor*, | § | |
| v. | § | Civil Action No. 3:19-CV-00398-X |
| THOMAS POWERS and HEEN HIRANI, | § | |
| *Appellees.* | § | |

## MEMORANDUM OPINION AND ORDER

The subject of this appeal is the bankruptcy court's February 4, 2019 order denying appellant Annette M. Lall's January 30, 2019 motion to vacate the bankruptcy court's dismissal order and to reinstate her Chapter 13 bankruptcy case. Finding no error in the bankruptcy court's judgment, this Court **AFFIRMS** the bankruptcy court's denial of Lall's motion.

I.

On January 29, 2019, on the motion of Chapter 13 Trustee and appellee Thomas Powers, the bankruptcy court dismissed Lall's Chapter 13 case for five years. The next day, Lall timely sought reinstatement of her Chapter 13 bankruptcy case under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.[1] She provided three reasons for reinstatement: (1) her amended Chapter 13 plan, filed on January 30, 2019; (2) evidence in the bankruptcy case record regarding the alleged wrongful

---

[1] Appellant Record, Volume 2, at 000037 [Doc. No. 2].

1

foreclosure of the property on which she resides; and (3) her amended Schedule C, filed on January 30, 2019.² After reviewing Lall's motion, the bankruptcy court concluded that "no good cause has been asserted to grant the relief requested."³ On appeal, Lall argues that the bankruptcy court abused its discretion in denying her motion.

II.

The bankruptcy court's February 4, 2019 order comprises a conclusion of law that this Court reviews *de novo*.⁴ Although Lall cited Rule 59 and Rule 60 of the Federal Rules of Civil Procedure as the grounds for her motion, the Court construes the motion as a request for relief under the less-stringent requirements of Rule 59(e).⁵ The Fifth Circuit requires a Rule 59(e) motion to "'clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise argument which could, and should, have been made before the judgment

---

² *Id.* at 000038.

³ Mini Record on Appeal, Volume 1, at 000004 [Doc. No. 2].

⁴ *See Drive Fin. Servs. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008) (stating that the district court's standard of review of bankruptcy court orders is that findings of fact are reviewed for clear error and conclusions of law are reviewed *de novo*). The bankruptcy court order comprised conclusions of law and not findings of fact because it merely considered whether the facts alleged in the motion good cause for the bankruptcy court to vacate its dismissal order and reinstate the Chapter 13 case according to the requirements of the Federal Rules of Civil Procedure. To the extent that any portion of the bankruptcy court's order could be construed to be a finding of fact, the Court concludes that it is not clearly erroneous.

⁵ *Compare* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.") *with id.* 60 (providing that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of six reasons). *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir. 1986) (noting that if "a motion falls within the scope of Rule 59(e)" and it is "timely served," then "the court must consider it as a Rule 59(e) motion for the purposes of Fed.R.App.P. 4(a)(4), regardless of how it is styled").

2

issued.'"[6] "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law."[7]

The Court finds that Lall failed to demonstrate to the bankruptcy court good cause under Rule 59(e) to vacate the dismissal order and reinstate the Chapter 13 case. Specifically, the Court concludes that Lall's motion neither established a manifest error of law or fact, presented newly discovered evidence, nor identified an intervening change in controlling law warranting the bankruptcy court to grant her motion. In fact, Lall filed her amended Chapter 13 plan and amended Schedule C *after* the bankruptcy court dismissed her case, and the evidence she provided regarding the alleged foreclosure of her property was not new but was already in the record. Therefore, the bankruptcy court correctly concluded that Lall asserted no good cause for the court to grant her motion. And so the bankruptcy court did not abuse its discretion in denying it.

### III.

The Court, having reviewed the record in this case and applicable law, **AFFIRMS** the bankruptcy court's denial of appellant Lall's motion to vacate its dismissal of, and to reinstate, Lall's Chapter 13 case.

---

[6] *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)).

[7] *Id.* at 567–68 (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)).

**IT IS SO ORDERED** this 7th day of February 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE